UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOMMERSET PLACE, L.P., | No. 2:15-cv-02416-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| TEMEKISA DAVIS, | |
| Defendant. | |

On November 20, 2015, defendant Temekisa Davis, proceeding pro se, removed this unlawful detainer action from Sacramento County Superior Court. ECF No. 1. Ms. Davis also filed a motion to proceed in forma pauperis. ECF No. 2. As explained below, the court REMANDS the case to the Sacramento County Superior Court and DENIES as moot Ms. Davis' motion to proceed in forma pauperis.

I.  SUBJECT MATTER JURISDICTION

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). Indeed, "[i]f at

1

any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. Ms. Davis's Notice of Removal asserts that the court has federal question jurisdiction. ECF No. 1 at 2. Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of [her] own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Here, the form complaint plaintiff filed in state court is for unlawful detainer only, based on state law. *See* ECF No. 1 at 6–8. Although Ms. Davis appears to have asserted defenses under federal law in her Answer, ECF No. 1 at 2, 9, a defense cannot serve as the basis for federal question jurisdiction, *Vaden*, 556 U.S. at 60. Plaintiff is the master of the complaint and may, as here, "avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Because the complaint is not based on federal law, the court does not have federal question jurisdiction over the action.

II.   REQUEST TO PROCEED IN FORMA PAUPERIS

For the foregoing reasons, the court has determined sua sponte that it lacks subject matter jurisdiction, and thus remands the case to the Sacramento County Superior Court. *Cf. Matheson*, 319 F.3d at 1090. As a result, defendant's motion for in forma pauperis status is denied as moot.

IT IS SO ORDERED.

DATED: January 11, 2016

UNITED STATES DISTRICT JUDGE